UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

BRENDA ARRIAZA and HENRY ARRIAZA,                    **COMPLAINT**
and B.A. and M.A., infants by their mother BRENDA
ARRIAZA,

                                                                          2:25-cv-5461
                    Plaintiffs,

      -against-                                                **JURY TRIAL DEMANDED**

COUNTY OF NASSAU; NASSAU COUNTY
POLICE DEPARTMENT; OFFICER KYLE W.
FINN, in his individual and official capacity; JOHN
DOES #1-10; CHARLES CAMPAGNE
ELEMENTARY SCHOOL; and ERIN LINDSAY
DIFIGLIA, in her individual and official capacity,

                    Defendants.
-----------------------------------------------------------------X

Plaintiffs, by their attorney, David Gray, Esq., of Brill Legal Group, P.C., for their

Complaint against Defendants, allege as follows:

## JURISDICTION AND VENUE

1.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and

Fourteenth Amendments to the United States Constitution, and pendant state law claims.

2.      Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(a)(3), as

this action involves federal questions regarding the deprivation of Plaintiffs' constitutional

rights under color of state law.

3.      This Court has supplemental jurisdiction over the Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred in Nassau County, New York.

## JURY DEMAND

5.      Plaintiffs demand a trial by jury in this action on each and every one of their claims.

## PARTIES

6.      Plaintiffs Brenda Arriaza and Henry Arriaza are adult individuals and residents of Nassau County, New York and citizens of the United States of America. Plaintiffs B.A. and M.A. are minor children and bring suit through their mother, Brenda Arriaza.

7.      Defendant County of Nassau is a municipal entity duly organized and existing under the laws of the State of New York. Nassau County operates the Nassau County Police Department ("NCPD"), which employs Defendant Officer Kyle W. Finn.

8.      Defendant Officer Kyle W. Finn ("FINN") is an officer employed by the NCPD and is sued in his individual and official capacities.

9.      Defendant Charles Campagne Elementary School ("CHARLES CAMPAGNE") is a public school located in Nassau County and operated under the authority of a public school district.

10.     Defendant Erin Lindsay DiFiglia ("DIFIGLIA") is the principal of Charles Campagne Elementary School and is sued in her individual and official capacities.

11.     Defendants John/Jane Does 1-10 are unidentified officers and/or employees of Nassau County or the school who were involved in the unconstitutional acts alleged herein.

## STATEMENT OF FACTS

12.     On or about October 4th, 2022, at approximately 2:36 P.M., employee(s) of CHARLES CAMPAGNE, including DIFIGLIA, reported to Child Protective Services ("CPS") of Nassau County that M.A. and B.A. had "potentially" been physically abused by their parents. They did so based upon a) an apparent claim by M.A. to his second-grade teacher that his mother had hit him with a belt at "fifty times" at home, and b) observable scratches on B.A.'s face. This report was also made in spite of the facts that a) during their follow-up investigation, the school nurse found no visible marks on M.A.; and b) that B.A. described having scratched herself while riding in the car with her father.

13.     CPS stated to DIFIGLIA that they would take the case. DIFIGLIA and other employees of CHARLES CAMPAGNE were then instructed by CPS that DIFIGLIA should

phone a separate, direct line to determine if M.A. and B.A. could be released at the end of the school day to their parents, BRENDA ARRIAZA and HENRY ARRIAZA.

14.     DIFIGLIA and the other employees of CHARLES CAMPAGNE telephoned the number provided by CPS.

15.     DIFIGLIA and the other employees of CHARLES CAMPAGNE were informed by CPS at that time that it was at their discretion as to whether M.A. and B.A. could be released to their parents.

16.     Apparently unsatisfied, DIFIGLIA then chose to call the 8th Precinct of the NASSAU COUNTY POLICE DEPARTMENT ("NCPD"), seeking a police response.

17.     DIFIGLIA and the other employees of CHARLES CAMPAGNE did not send M.A. and B.A. home on the school bus.

18.     Around that time, BRENDA ARRIAZA was waiting for M.A. and B.A. to arrive at their school bus stop. When they did not come off the bus, BRENDA ARRIAZA phoned CHARLES CAMPAGNE. She was placed on hold, then transferred to DIFIGLIA.

19.     DIFIGLIA informed BRENDA ARRIAZA that her kids were okay, but that she needed to come to the school.

Page **4** of **11**

20.     BRENDA ARRIAZA told DIFIGLIA that HENRY ARRIAZA had her car, so could not come to CHARLES CAMPAGNE. BRENDA offered that HENRY ARRIAZA could get the children in her stead.

21.     DIFIGLIA told BRENDA that she and HENRY were needed at the school and asked if HENRY could pick her up and bring her there.

22.     BRENDA said yes. BRENDA, who was nursing and caring for her three-month-old child E.A. at the time, then went to the CHARLES CAMPAGNE with HENRY and E.A.

23.     Upon arriving at CHARLES CAMPAGNE, it was immediately apparent that members of the NCPD were conducting an investigation there of some sort. An ambulance was also parked outside the school.

24.     Around that time, members of the NCPD arrived at CHARLES CAMPAGNE and took M.A. and B.A. to the Nassau University Medical Center for a second evaluation by an NCPD police medic.

25.     BRENDA, HENRY, and E.A. were brought to an empty classroom.

26.     DIFIGLIA then informed BRENDA and HENRY that NCPD would talk to BRENDA.

27.     HENRY was then taken to another room.

28.    BRENDA repeatedly asked DIFIGLIA for more information. DIFIGLIA would not respond, and left BRENDA and E.A. alone in the room.

29.    After waiting for over thirty minutes, BRENDA was informed by a member of the NCPD that her children had alleged she had hit them with a belt over fifty times. BRENDA had done no such thing. The NCPD officer then left BRENDA and E.A. alone in the room again.

30.    BRENDA was then told that she was going to be transported to the police station, and that HENRY would also be brought there. BRENDA pointed out that she had her nursing 3-month old baby E.A. with her. NCPD asked BRENDA if there was someone who could take the baby, E.A., before they brought her to the station. BRENDA offered that her mother, Marta Ventura, might be available. Marta Ventura subsequently arrived at CHARLES CAMPAGNE with Alfredo Ventura, BRENDA's father. Marta and Alfredo Ventura took E.A. home.

31.    BRENDA was handcuffed and brought to the police station by the NCPD.

32.    Marta Ventura was then directed by the NCPD to go to the Nassau University Medical Center to observe questioning of M.A. and B.A. by an NCPD police medic.

33.    After a course of exhaustive, repetitive, and unnecessary questioning by NCPD, the children indicated that they did not want to speak anymore.

34.    BRENDA ARRIAZA was held for a period of hours at the 8th precinct police station, where she was formally arrested, photographed, handcuffed, and kept in a cell. She was

then transported to a detention center in Mineola, and held overnight. The next morning, she was brought to District Court in Hempstead, NY, where she was arraigned on three felonies and six misdemeanors and released at approximately 11:00 a.m.

35.    HENRY ARRIAZA was held for a period of hours at the 8th precinct police station. He was formally arrested by OFFICER FINN, photographed, handcuffed, questioned, and kept in a cell.  He was then transported to a detention center in Mineola. He was held overnight, and brought to District Court in Hempstead, NY, where he was arraigned on three felonies and six misdemeanors and released at approximately 1:00 p.m.

36.    On January 18, 2023, upon motion of the Nassau County District Attorney, the criminal charges against BRENDA and HENRY ARRIAZA were adjourned in contemplation of dismissal.

## FIRST CLAIM FOR RELIEF

### Violation of Plaintiff's Fourth Amendment and Fourteenth Amendment Rights under 42 U.S.C. § 1983: false arrest, unlawful seizure and malicious prosecution

37.    Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

38.    Plaintiffs were without just cause, probable cause or provocation, maliciously, intentionally and falsely accused by DIFIGLIA, CHARLES CAMPAGNE, COUNTY, NCPD, and FINN of having committed crimes. COUNTY, NCPD, and FINN arrested Plaintiffs

Page **7** of **11**

BRENDA ARRIAZA and HENRY ARRIAZA, knowing their arrest would be unlawful, invalid and unconstitutional. Upon arresting Plaintiffs and depriving them of their liberty, COUNTY, NCPD, and FINN entered them into the NCPD records as under arrest.

39.     Plaintiffs were aware of their arrest and confinement, and did not consent to their arrest or confinement. Said arrest and confinement were in violation of their rights under the Fourth Amendment to the Constitution of the United States, and their rights to be free of deprivations of liberty under the Fourteenth Amendment to the Constitution of the United States.

40.     The acts and conduct of the defendants also constitute malicious prosecution under the laws of the State of New York and under the Fourth Amendment to the Constitution of the United States.  Defendants commenced and continued criminal proceedings against Plaintiffs.  Defendants acted with actual malice in commencing and continuing the proceeding and there was an absence of probable cause for the criminal proceeding.  The criminal proceeding was terminated in Plaintiffs' favor.

41.     Plaintiffs suffered injuries as a result of the Defendants' conduct.

## SECOND CLAIM FOR RELIEF

**Violation of Plaintiff's Fourth Amendment and Fourteenth Amendment Rights under 42 U.S.C. § 1983: excessive force and unreasonable search/seizure**

42.     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

43.     The use of excessive force by defendant FINN and the John and Jane Doe defendants, in forcibly restraining plaintiffs BRENDA and HENRY ARRIAZA by using handcuffs and holding them overnight in a jail was an objectively unreasonable physical seizure of plaintiffs in violation of their rights under the Fourth Amendment to the Constitution of the United States.

44.     Plaintiffs suffered injuries as a result of the Defendants' conduct.

## THIRD CLAIM FOR RELIEF

### Violation of Plaintiff's Fourth Amendment and Fourteenth Amendment Rights under 42 U.S.C. § 1983: substantive due process violation

45.     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

46.     That on or about October 4th, 2022, FINN conferred with one or more Assistant District Attorneys employed by the Nassau County District Attorney.

47.     Members of the Nassau County District Attorney's office filed a criminal complaint based upon FINN's report and without probable cause, reasonable cause or legal justification. Said complaint was filed based on fraud, perjury and/or misrepresentations by DIFIGLIA and CHARLES CAMPAGNE.

48.      That solely as a result of the aforesaid, Plaintiffs' lives were interfered with.

Page **9** of **11**

49.     That solely as a result of the false arrest, false imprisonment and malicious prosecution of Plaintiffs, they were deprived of their liberty for an extended period of time and were subjected to scorn, ridicule, embarrassment and were degraded in the esteem of the community both personally and professionally.

50.     As a result of the Nassau County District Attorney's decision to dismiss the cases, the criminal action against Plaintiffs were terminated favorably.

51.     That at all times hereinafter mentioned the actions of DIFIGLIA, CHARLES CAMPAGNE, COUNTY, NCPD, and FINN as described above were carried out in a reckless, deliberate, willful, wanton, malicious and grossly negligent manner. These acts were so shocking, arbitrary, and egregious that the Due Process Clause would not countenance them even if they were accompanied by full procedural protection.

52.     Plaintiffs suffered injuries as a result of the Defendants' conduct.

## FOURTH CLAIM FOR RELIEF

### Negligent Infliction of Emotional Distress on behalf of Plaintiffs B.A. and M.A.

53.     Plaintiffs B.A. and M.A. reallege and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

54.     Defendants' conduct was careless and negligent as to the emotional health of Plaintiffs B.A. and M.A., and caused severe emotional distress to Plaintiffs B.A. and M.A.

55.    The acts and conduct of Defendants were the direct and proximate cause of injury and damage to Plaintiffs B.A. and M.A. and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request judgment against Defendants as follows:

A. Compensatory damages in an amount to be determined at trial;

B. Punitive damages against individual Defendants in their personal capacities;

C. Attorneys' fees and costs pursuant to 42 U.S.C. § 1988;

D. Pre- and post-judgment interest; and

E. Such other and further relief as this Court deems just and proper.

Dated: September 30, 2025

New York, New York

Yours, etc.,

Brill Legal Group, P.C.
*Attorneys for Plaintiffs*

/s/ *David Gray*

By: DAVID GRAY, ESQ.
176 Lexington Avenue, Suite O
New York, NY 10016
(212) 233-4141

Page **11** of **11**